07-5343-ag
Ren v. USCIS

BIA
Page, IJ
A 097 390 656

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of January, two thousand ten.

PRESENT:
            DENNIS JACOBS,
                        *Chief Judge,*
            JOSEPH M. McLAUGHLIN,
            GERARD E. LYNCH,
                        *Circuit Judges.*

_____

MEI FANG REN,
            *Petitioner,*

            v.                                    07-5343-ag
                                                  NAC
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,
            *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, New York.

**FOR RESPONDENT:** Gregory G. Katsas, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Fang Ren, a native and citizen of China, seeks review of the October 31, 2007 order of the BIA denying her motion to remand and affirming the April 10, 2006 decision of Immigration Judge ("IJ") Alan L. Page denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Fang Ren*, No. A 097 390 656 (B.I.A. Oct. 31, 2007), *aff'g* No. A 097 390 656 (Immig. Ct. N.Y. City April 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); See also *Yanqin Weng v. Holder*,

2

562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Ren's brief does not challenge the agency's findings that she failed to establish a well-founded fear of persecution or torture on account of: (1) the birth of her first U.S. citizen child; or (2) her illegal departure from China. Ren has therefore waived any challenge to those findings. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

The IJ rejected Ren's political-opinion claim after finding her not credible. Ren argues that the IJ erroneously relied on her airport and credible fear interviews as a basis for the adverse credibility determination; however, there is a "sufficiently accurate record" of these interviews to merit consideration in determining her credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004); *Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). As to Ren's assertion that the IJ erroneously relied on omissions and inconsistencies that did not go to the heart of her claim, the cumulative effect of those discrepancies constitutes substantial evidence for the adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). The IJ

3

therefore did not err in denying Ren's application for asylum, withholding of removal, and CAT relief to the extent her claim was based on alleged difficulties with Chinese authorities. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Ren also argues that the BIA erred in denying her motion to remand because: (1) it applied the wrong legal standard; and (2) "the existence of U.S. born children is sufficient under the *prima facie* evidence standard for a remand." We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir. 2005). The BIA did not abuse its discretion. We have previously reviewed the BIA's consideration of evidence similar to that which Ren submitted and have found no error in its conclusion that such evidence is insufficient to establish a reasonable possibility of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2006); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Therefore, even if we were to credit Ren's argument that the BIA applied the improper legal standard, remand would be futile because she did not establish her *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk


                              By:_____